# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-1060**                                             **September Term, 2024**

FERC-EL24-93-000
FERC-EL24-93-001

Filed On: July 31, 2025

Basin Electric Power Cooperative,

      Petitioner

      v.

Federal Energy Regulatory Commission,

      Respondent

------------------------------

Tri-State Generation and Transmission Association, Inc. and Northwest Rural Public Power District,
      Intervenors
------------------------------

Consolidated with 25-1130

      **BEFORE:**    Henderson, Wilkins, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the motion to dismiss, the oppositions thereto, and the reply; and the motion to establish a briefing schedule and the opposition thereto, it is

**ORDERED** that the motion to dismiss be referred to the merits panel to which these petitions for review are assigned. The parties are directed to address in their briefs the issues presented in the motion to dismiss rather than incorporate those arguments by reference. It is

**FURTHER ORDERED** that the following briefing format and schedule will apply in these cases:

Certified Index to the Record                                           August 18, 2025

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1060**                                                **September Term, 2024**

| | |
|---|---|
| Petitioner's Opening Brief<br>(not to exceed 13,000 words) | October 6, 2025 |
| Petitioner-Intervenor's Opening Brief<br>(not to exceed 9,100 words) | October 20, 2025 |
| Respondent's Brief<br>(not to exceed 13,000 words) | December 19, 2025 |
| Respondent-Intervenor's Brief<br>(not to exceed 9,100 words) | January 2, 2026 |
| Petitioner's Reply Brief<br>(not to exceed 6,500 words) | February 2, 2026 |
| Petitioner-Intervenor's Reply Brief<br>(not to exceed 4,550 words) | February 17, 2026 |
| Deferred Joint Appendix | February 27, 2026 |
| Final Briefs | March 13, 2026 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court advises the parties that, effective for all briefs filed on or after August 11, 2025,

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . The brief must include arguments and cite evidence establishing by a "substantial probability" the claim of standing.

See D.C. Cir. Rule 28(a)(7); Sierra Club v. EPA, 292 F.3d 895, 898 (D.C. Cir. 2002).

Petitioner should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-1060**                                             **September Term, 2024**

      To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43-44 (2024); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
Laura M. Morgan
Deputy Clerk